UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GRETCHEN WESTLEY | * | CIVIL ACTION |
| VERSUS | * | NO. 22-4037 |
| OUT WEST EXPRESS, LLC, ET AL. | * | SECTION "M" (2) |

## ORDER AND REASONS

Pending before me are Defendant OutWest Express, LLC's Motion for Protective Order and Plaintiff Gretchen Westley's Motion to Compel, both addressing the proposed Rule 30(b)(6) deposition of OutWest. ECF Nos. 28, 32. The parties timely filed Opposition Memoranda, and OutWest requested oral argument. ECF Nos. 34, 35, 31.

After hearing argument on the motions on Wednesday, December 27, 2023, the Court took these matters under advisement. Having considered the record, the oral and written arguments of counsel, and the applicable law, the motions are GRANTED IN PART and DENIED IN PART for the reasons stated herein.

## I.  BACKGROUND

Plaintiff filed suit to recover for damages after an April 25, 2022 vehicle lane change collision with a tractor-trailer driven by Defendant Eleazar Avitia and owned by OutWest Express, LLC. ECF No. 1-1 ¶¶ 2-3. Plaintiff claims the accident was caused by Avitia's negligence and raises claims against OutWest for vicarious liability as well as direct claims for its alleged failure to adequately hire, train, and supervise the driver. *Id*. ¶¶ 7-10. Trial is scheduled for May 16, 2024, and all discovery must be complete by March 28, 2024. ECF No. 21.

## II.  THE PENDING MOTIONS

The parties have filed cross-motions directed to the same issue. Defendant has filed for a protective order seeking to either bar its Rule 30(b)(6) deposition or limit the topics set forth in

1

Plaintiff's Notice of Deposition.  ECF Nos. 28, 28-2.  Plaintiff has filed a Motion to Compel Rule 30(b)(6) deposition.  ECF No. 32.

Defendant OutWest argues that the Rule 30(b)(6) deposition is duplicative and unnecessary in this simple disputed liability vehicle lane-change case where the collision was captured on video, the defendant driver has already been deposed, and documents involving the proposed areas of inquiry have been produced already.  ECF No. 28-1 at 2.  It further asserts that the areas of inquiry are improper because same are not stated with reasonable particularity as reflected by the use of "all" in connection with already overbroad topics.  *Id.* at 3-4.  OutWest also objects to questions suggesting that Avitia is an "employee" who had an "employment" relationship with OutWest given its acknowledgment in written discovery that the driver was an independent owner-operator contracted to OutWest, not an employee.  *Id.* at 7.  OutWest asks the court to significantly curtail and limit Plaintiff's proposed Rule 30(b)(6) deposition to the lane change matter at issue.

In opposition to Defendant's protective order request and in her cross-motion to compel, Plaintiff argues that Defendant OutWest's efforts to limit the deposition to Defendant Avitia's potential liability constitute an attempt to "resurrect legal arguments which the Louisiana Supreme Court extinguished" in two 2022 cases recognizing that a plaintiff may pursue both vicarious liability and direct negligence against an employer even when respondeat superior liability is not contested.  ECF No. 32 at 2-3 & n.1.  Plaintiff argues that her areas of inquiry relate to OutWest's independent fault and vicarious liability, both of which are live claims. ECF No. 32-1 at 1.

In opposition to Plaintiff's motion to compel, Defendant OutWest repeats the same argument raised in its motion for protective order (the proposed areas of inquiry are overly vague, undefined, overbroad, outside the scope of discovery in this case, duplicative, and disproportionate).  ECF No. 35.  OutWest argues that Plaintiff's independent negligence claim

2

against it must be read in the context of the complaint and the event at issue, i.e., the video-recorded lane-change accident. *Id.* at 2. OutWest indicates that Avitia was hired over ten years ago, and Plaintiff's areas of inquiry contain no temporal limitation, rendering them unduly burdensome. *Id.* at 3-4. OutWest reiterates that Plaintiff has not alleged that Avitia was intoxicated at the time of the collision, hence Topic No. 7 seeks wholly irrelevant information. *Id.* at 4. OutWest also argues that Plaintiff's reliance on *Martin v. Thomas* is misplaced because Louisiana case law does not establish the parameters for discovery under the federal rules. *Id.* OutWest further argues that discovery directed to negligent training and supervision must be limited and relevant to the incident giving rise to the suit, and for that reason, only inquiry into Avitia's training, supervision, etc. on lane change maneuvers is relevant. *Id.* at 5.

**III.** **The Scope of Discovery**

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). Rule 26(b)(2)(C)(i)–(iii) directs the Court to limit the frequency or extent of discovery otherwise allowed, if it determines: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery had ample opportunity to obtain the information; or (3) the proposed discovery is outside the scope of Rule 26(b)(1).

3

The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[1] This broader scope is necessary given the nature of litigation, where determinations of relevance for discovery purposes are made well in advance of trial. Facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[2] At the discovery stage, relevance includes "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[3] Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[4] If relevance is in doubt, the court should be permissive in allowing discovery.[5]

A. **Rule 30(b)(6)**

The Fifth Circuit has explained that the purpose of Rule 30(b)(6) is to streamline the discovery process by allowing for a specialized form of deposition.[6] This rule gives the corporation being deposed "more control by allowing it to designate and prepare a witness to testify on [its] behalf."[7] Further, it alleviates the opposing party from "having to play a frustrating game of blind man's bluff in naming the appropriate corporate officer to be deposed or from being

---

[1] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[2] *Id.* n.5 (citation and quotation omitted).
[3] *Id*. (citations omitted).
[4] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *3 (E.D. La. Nov. 21, 2017) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)).
[5] *E.E.O.C. v. Simply Storage Mgmt., L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'r, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987) (internal quotations omitted)).
[6] *Johnson v. Big Lots Stores, Inc*., No. 04-3201, 2008 WL 6928161, at *2 (E.D. La. May 2, 2008) (citing *Resolution Trust Corp. v. S. Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993)).
[7] *Id.* (citing *United States v. Taylor*, 166 F.R.D. 356, 360 (M.D.N.C. 1996)).

bandied from pillar to post by deposition witnesses who disclaim personal knowledge on topics with which others in the corporation are familiar."[8]

The party seeking to depose an organization "must describe with reasonable particularity the matters for examination."[9] In response, the entity must designate an agent or other person to testify on its behalf "about information known or reasonably available to the organization."[10] As the Fifth Circuit has explained:

> [A corporate defendant] must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters. [T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.[11]

If the organization objects to any matter set forth in the deposition notice, it bears the burden of demonstrating that the notice is objectionable or insufficient and may file a motion for a protective order pursuant to Rule 26(c) in order to make that showing.[12]

In light of the burden placed on the corporate deponent by Rule 30(b)(6), the Rule preliminarily imposes a duty to identify with reasonable particularity the specific categories or topics for inquiry.[13] This enables the corporate entity to fulfill its obligations to choose and prepare a deponent: "For Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute. Otherwise, an overly broad Rule 30(b)(6)

---

[8] *Id.* (citing *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 432–33 (5th Cir. 2006)).
[9] FED. R. CIV. P. 30(b)(6).
[10] *Id.*
[11] *Brazos River Auth.,* 469 F.3d at 433 (quotations and citations omitted).
[12] *Westheimer Regency I, L.P. v. Great Lakes Reinsurance (UK) SE*, No. 18-14, 2018 WL 7198643, at *1 (W.D. Tex. Aug. 20, 2018) (citations omitted).
[13] *Id.* (citing FED. R. CIV. P. 30(b)(6)).

notice may subject the noticed party to an impossible task. If the noticed organization cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible."[14]

The effectiveness of Rule 30(b)(6) "bears heavily upon the parties' reciprocal obligations" to identify topics with particularity and prepare witnesses in good faith.[15] When the notice sufficiently informs the entity of the matters that will be inquired into at the depositions so that it can determine the identity and number of persons whose presence will be necessary to provide an adequate response, the particularity requirement has been met.[16] Courts have not, however, hesitated to issue protective orders when an entity is asked to respond to overly broad or unfocused Rule 30(b)(6) deposition notices,[17] rejecting the assertion that the rule authorizes "burdening the responding party with production and preparation of a witness on every facet of the litigation."[18]

Effective December 1, 2020, Rule 30(b)(6) was amended to provide, in pertinent part:

---

[14] *Pauls v. Prudential Ins. Co. of Am*., No. 16-2116, 2016 WL 6397564, at *4 (N.D. Tex. Oct. 28, 2016) (quoting *Hartford Fire Ins. Co. v. P & H Cattle Co.,* No. 05-2001, 2009 WL 2951120, at *10 (D. Kan. Sept. 10, 2009)); *see also Marti v. Schreiber/Cohen, LLC*, No. 18-40164, 2020 WL 3412748, at *3 (D. Mass. Mar. 17, 2020) (identifying topics as "all communications" does not meet the reasonable particularity requirement because it seeks testimony regarding unidentified and broadly classified communications).

[15] *Lipari v. U.S. Bancorp, N.A*., No. 17-2146, 2008 WL 4642618, at *5 (D. Kan. Oct. 16, 2008) (citation omitted); *see also Fed. Ins. Co. v. Delta Mech. Contractors, LLC*, No. 11-048, 2013 WL 1343528, at *4 (D.R.I. Apr. 2, 2013) (citation omitted) (noting that "it is simply impractical to expect Rule 30(b)(6) witnesses to know the intimate details of everything."); *Dealer Comput. Servs., Inc. v. Curry*, No. 12-3457, 2013 WL 499520, at *2 (S.D. N.Y. Feb. 7, 2013) ("A [30(b)(6)] deposition is not a quiz, nor is it the most practical way to obtain [all types of] information.").

[16] *Rivas v. Greyhound Lines, Inc*., No. 14-166, 2015 WL 13710122, at *3 (W.D. Tex. Nov. 19, 2015) (quoting *Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Res. Auth*., 93 F.R.D. 62, 66 (D.P.R. 1981)) (finding that notices were sufficient to inform defendant "of the matters which will be inquired into at the depositions so that [defendant] can determine the identity and number of persons whose presence will be necessary to provide an adequate response to any of [plaintiff's] potential questions.")).

[17] *Lipari*, 2008 WL 4642618, at *6; *see also In re Indep. Serv. Orgs. Antitrust Litig*., 168 F.R.D. 651, 654 (D. Kan. 1996) (granting protective order where plaintiff's attempt to discover facts underlying defendant's defenses and counterclaims through a Rule 30(b)(6) deposition was "overbroad, burdensome, and a highly inefficient method through which to obtain otherwise discoverable information."); *RM Dean Farms v. Helena Chem. Co*., No. 11-00105, 2012 WL 169889, at *1 (E.D. Ark. Jan. 19, 2012) (granting protective order where "[t]he 30(b)(6) notice would require [defendant] to produce a corporate representative or corporate representatives to testify on topics so vast in number, so vast in scope, so open ended, and so vague that compliance with the notice would be impossible.").

[18] *Apple, Inc. v. Samsung Elecs. Co., Ltd*., No. 11-1846, 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012) (noting that an entity's task to prepare its witness in compliance with Rule 30(b)(6) "becomes less realistic and increasingly impossible as the number and breadth of noticed subject areas expand."); *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000) ("An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task."); *Acton v. Target Corp*., No. 08-1149, 2009 WL 5214419, at *4 (W.D. Wash. Dec. 22, 2009) (finding it impossible to properly prepare one or more deponents to testify on 96 noticed topics without undue burden and expense.).

"Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination."  No longer can a party list overly broad and ambiguous matters for examination out of an abundance of caution; likewise, organizations can no longer designate inadequately prepared witnesses based on their own interpretation of broad or ambiguously worded topics.  The new "confer in good faith" provision requires litigants to confer about the examination topics, and the list of matters for examination may be refined so that the organization may be better able to designate and prepare an appropriate witness or witnesses.  This new requirement also enables litigants to address other potential process issues, such as the timing and location of the deposition as well as the number of witnesses and the matters upon which they will testify.  *See* FED. R. CIV. P 30(b)(6), advisory committee's notes to 2020 amendment.

In determining whether a Rule 30(b)(6) notice meets the reasonable particularity requirement, a court should examine the notice in the context of the individual circumstances of the case.[19]  A topic that is phrased in terms of "including but not limited to" or "from any source" is improper and must be limited.  Requiring a deponent to prepare a witness to address unspecified topics from unstated sources is inconsistent with Rule 30(b)(6)'s reasonable particularity requirement.  In order to prepare their Rule 30(b)(6) deponent adequately, the noticing party must identify each and every topic with sufficient specificity.

---

[19] *In re Katrina Canal Breaches Consol. Litig*., No. 05-4182, 2008 WL 4936734, at *2 (E.D. La. Aug. 11, 2008) (citing FED. R. CIV. P. 26(b)(1), advisory committee's note to 2000 amendment).  *Cf. TV Interactive Data Corp. v. Sony Corp*., No. 10-475, 2012 WL 1413368, at *2-*3 (N.D. Cal. Apr. 23, 2012) (stating court should consider whether, based on the facts of each case, contention interrogatories are a more appropriate discovery tool than a 30(b)(6) deposition) (citing *Exxon Rsch. & Eng'g Co. v. United States*, 44 Fed. Cl. 597, 601–02 (1999); *United States v. Taylor*, 166 F.R.D. 356, 362 n.7 (M.D.N.C. 1996) (holding that contention interrogatories were more appropriate than a 30(b)(6) deposition for discovery in a patent case)).

7

## B. Employee v. Independent Contractor

The Louisiana Civil Code provides that employers are liable for the damage caused by their employees committed in the course and scope of their employment. *See* LA. CIV. CODE art. 2320. In contrast, the principal of an independent contractor is generally not liable for the torts of the independent contractor.[20] Vicarious liability thus rests on the determination of whether one is an employee or independent contractor. In this case, however, as OutWest recognizes, federal motor carrier regulations expressly impose vicarious liability on the principal for injuries resulting from leased equipment. ECF No. 28-1 at 7 n.18.

Even without an employment relationship or federal motor carrier regulations, Louisiana recognizes that a direct claim may proceed against a principal for the negligent hiring of an independent contractor. As the Fifth Circuit recently explained, while a principal is generally not liable for the acts of its independent contractor,[21] the principal may be liable if it was independently negligent in its own actions or if it negligently hired the independent contractor.[22] The relevant focus is on what the principal knew or should have known at the time of the hiring of the contractor.[23]

Moreover, a principal's shield from liability for acts of an independent contractor does not apply when "the principal retains operational control over the contractor's acts or expressly or

---

[20] *Thompson v. Winn-Dixie of Montgomery, Inc*., 2015-0477 (La. 10/14/15), 181 So.3d 656, 665 (citing *Ellerbe v. Albertsons, Inc.,* 43,452 (La. App. 2 Cir. 8/13/08), 989 So.2d 303, 305; *Sys. Contractors Corp. v. Williams & Assocs. Architects*, 99–1221 (La. App. 5 Cir. 9/26/00), 769 So.2d 777, 781; *Thomas v. Albertsons, Inc.,* 28,950 (La. App. 2 Cir. 12/11/96), 685 So.2d 1134, *writ denied*, 97–0391 (La.3/27/97), 692 So.2d 395; *Morales v. Davis Brothers Constr. Co., Inc*., 94–0902 (La. App. 4 Cir. 12/15/94), 647 So.2d 1302, *writ denied*, 95–0139 (La.3/17/95), 651 So.2d 271); *accord Progressive Paloverde Ins. Co. v. BJ Trucking Earthmover, LLC.* No. 21-30379, 2022 WL 2763711 (5th Cir. 2022 (unreported) (citation omitted).
[21] *Echeverry v. Jazz Casino Co., L.L.C*., 988 F.3d 221, 228 (2021) (citing *Graham v. Amoco Oil Co.,* 21 F.3d 643, 645 (5th Cir. 1994)).
[22] *Id*. (citing *Hemphill v. State Farm Ins. Co.,* 472 So. 2d 320, 324 (La. Ct. App. 1985)).
[23] *Id*.

impliedly authorizes those acts."[24] Operational control requires more: there must be "such a retention of right of supervision that the contractor is not entirely free to do the work in his own way."[25] The supervision and control that is actually exercised by the principal is less important than the right to control that is contractually reserved.[26] But a contractual clause requiring an independent contractor to comply with the principal's safety rules does not alone signify the principal's retaining operational control.[27] When the independent contractor has "responsibility for its own activities, the principal does not retain operational control."[28] A principal retains operational control if it has "direct supervision over the step-by-step process of accomplishing the work such that the contractor is not entirely free to do the work in his own way."[29]

In addition, a plaintiff has a direct claim against the principal of an independent contractor when the principal has observed and failed to object to an independent contractor's unsafe work practices.[30] The fact that only an independent contractor participated in the decision to use the negligent procedure weighs heavily against finding that the principal authorized the unsafe work practice.[31]

IV. **ANALYSIS**

Plaintiff has asserted direct negligence claims against OutWest with regard to its hiring, supervision and exercise of operational control over defendant Avitia. While OutWest seeks to

---

[24] *Id*. (citing *Coulter v. Texaco, Inc.,* 117 F.3d 909, 912 (5th Cir. 1997)); *see also Dragna v. KLLM Transp. Servs., L.L.C.,* 638 F. App'x 314 (2016) (principal liable for an independent contractor's negligence if the principal retains the right to operational control (i.e., the right to "direct supervision over the step-by-step process of accomplishing the work") over the independent contractor) (citing *LeJeune v. Shell Oil Co*., 950 F.2d 267, 270 (5th Cir. 1992)).
[25] *Dragna*, 638 F. App'x at 319 (citations omitted).
[26] *Ainsworth v. Shell Offshore, Inc.,* 829 F.2d 548, 550–51 (5th Cir. 1987).
[27] *Coulter*, 117 F.3d at 912; *Davenport v. Amax Nickel, Inc.,* 569 So. 2d 23, 28 (La. Ct. App. 1990).
[28] *Fruge ex rel. Fruge v. Parker Drilling Co.,* 337 F.3d 558, 564 (5th Cir. 2003).
[29] *Henderson v. Atmos Energy Corp.,* No. 21-30046, 2022 WL 3657191 (5th Cir. Aug. 25, 2022) (unreported) (citing *Fruge*, 337 F.3d at 564).
[30] *Graham*, 21 F.3d at 646–47.
[31] *Id*. (interpreting *Williams v. Gervais F. Favrot Co*., 499 So. 2d 623 (La. Ct. App. 1986)).

limit discovery to only lane change maneuvers, given Plaintiff's claims, the discovery sought appears to bear on a pending claim and thus within the parameters of Rule 26. Further, while the discovered evidence may ultimately be found to be inadmissible, the standard for discoverability is broader than that of admissibility.[32] In short, OutWest has not established that the evidence sought could have no conceivable relevance to any pending claim or defense.

Although the evidence sought, for the most part, falls within the parameters of Rule 26, the Rule 30(b)(6) notice, as drafted, fails to identify the topics with the reasonable particularity required to enable OutWest to identify and properly prepare a representative. Accordingly, the topics must be modified as follows:

> Topic 1: Narrow to list Avitia's particular driving records about which Plaintiff seeks to question the representative.
>
> Topic 2: Narrow to particular aspects of Avitia's education and training regarding driving safety (including lane change maneuvers) throughout his relationship with OutWest Express, LLC.
>
> Topic 3: OutWest Express, LLC's supervision of Avitia's hours of service, route, and lane changing for the two years prior to the incident, i.e., April 2020 — April 2022.
>
> Topic 4: Narrow to list the specific training materials, written disciplinary warnings, and reprimands presented to Avitia by OutWest Express, LLC about which Plaintiff seeks to question the representative.
>
> Topic 5: Narrow to list the specific dates OutWest Express, LLC took disciplinary action against Avitia about which Plaintiff seeks to question the representative.
>
> Topic 6: Stricken. Plaintiff agrees this issue is more appropriately addressed through a Request for Admission.
>
> Topic 7: Stricken. This topic seeks information that is not relevant to any claim or defense.
>
> Topic 8: Narrow to list the specific areas (e.g., lane changes and work hour limitations) about which Plaintiff seeks to question the representative. The topic will be limited to Avitia only.

---

[32] *Rangel*, 274 F.R.D. at 590.

Topic 9: Stricken. Plaintiff agrees this issue is more appropriately addressed through a Request for Admission.

Topic 10: Narrow to list the particular documents about which Plaintiff will question the representative.

Topic 11: Stricken as duplicative and overbroad.

Topic 12: Modify to seek information regarding when OutWest Express, LLC learned about Avitia's speed, location and route on the date of the crash (i.e., prior to the events, simultaneously, or post-accident).

Topic 13: The manner in which the company becomes aware of drivers' logbooks and hours of service violations.

## V.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant's Motion for Protective Order (ECF No. 28) is GRANTED IN PART AND DENIED IN PART as stated herein.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel (ECF No. 32) is GRANTED IN PART AN DENIED IN PART as stated herein.

New Orleans, Louisiana, this __27th__ day of December, 2023.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE