UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GRETCHEN WESTLEY                              CIVIL ACTION

VERSUS                                         NO. 22-4037

OUT WEST EXPRESS, LLC, *et al.*                SECTION M (2)

**ORDER & REASONS**

Before the Court is a motion for partial summary judgment filed by defendant OutWest Express, LLC ("OutWest") seeking dismissal of plaintiff's direct negligence claim against it.[1] Plaintiff Gretchen Westley responds in opposition,[2] and OutWest replies in further support of its motion.[3]

This matter arises out of an automobile accident involving Westley and defendant Eleazar Avitia.[4] In the complaint, Westley alleges that OutWest is vicariously liable for her damages because Avitia was operating a tractor-trailer on behalf of OutWest at the time of the accident.[5] She also alleges that OutWest is "independently negligent for its own acts and omissions in failing to adequately and reasonabl[y] hire, train and supervise" Avitia.[6]

In the motion, OutWest asks the Court to dismiss Westley's direct negligence claim, arguing that she is unable to produce any evidence or testimony in support of the claim.[7] In

---

[1] R. Doc. 45.
[2] R. Doc. 51.
[3] R. Doc. 52.
[4] R. Doc. 1-1 at 1-2.
[5] *Id.* at 2.
[6] *Id.* at 2.
[7] R. Doc. 45-2 at 4-7.

opposition, Westley argues that genuine issues of material fact exist, citing, *inter alia*, the deposition testimony of OutWest's corporate representative.[8]

Having reviewed the parties' memoranda, the record, and the applicable law, the Court finds that summary judgment is not warranted at this time because there are disputed issues of material fact. Fed. R. Civ. P. 56.

Accordingly, for the foregoing reasons,

IT IS ORDERED that OutWest's motion for partial summary judgment (R. Doc. 45) is DENIED.[9]

New Orleans, Louisiana, this 7th day of March, 2024.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[8] R. Doc. 51 at 1-3 (quoting testimony of OutWest's designee which can be read to admit that the company's training and supervision of Avitia did not address the maneuver he used to change lanes on the day of the accident). Westley also argues that she was prevented from obtaining "clear testimony from [OutWest] on points crucial to the outcome of this motion," because OutWest's counsel "interrupted the deposition with frequent objections, commentary, and witness coaching." *Id.* at 1. Any issues regarding deposition testimony must be addressed by the assigned magistrate judge through a motion to compel and not by this Court on a motion for summary judgment, much less at trial.

[9] While plaintiff's allegation of OutWest's direct negligence is conclusory and supported only tangentially by the bare minimum of factual allegations, it sufficiently put OutWest on notice of the claim to address the essential facts through discovery. Having denied OutWest's motion for summary judgment on the grounds that Westley came forward with sufficient summary-judgment evidence to show disputed issues of material fact, the Court necessarily concludes that the claims asserted in the complaint are best resolved by the factfinder. Accordingly, OutWest's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), R. Doc. 44, is also DENIED.